UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLERIDA SANTANA JOHNAS,<br><br>                Plaintiff,<br><br>v.<br><br>DAVID P. CASE, ESQ.; MARK K.; BROYLES, ESQ.; FEIN, SUCH AND CRANE LLP; and STORMFIELD CAPITAL FUNDING I, LLC,<br><br>                Defendants. | Case No. 1:23-cv-08994-PKC-MMH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
<u>STORMFIELD CAPITAL FUNDING I, LLC'S MOTION TO DISMISS</u>**

Aaron P. Davis
POLSINELLI PC
600 Third Avenue
New York, NY 10016
Telephone: 212.803.9918
adavis@polsinelli.com
*Attorneys for Defendant*
Stormfield Capital Funding I, LLC

94548584.1

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| III. | ARGUMENT | 4 |
|  | A. Plaintiff's Federal Claims Must be Dismissed as a Matter of Law | 4 |
|  | B. This Court Should Not Exercise Supplemental Jurisdiction | 5 |
|  | C. Plaintiff's State Law Claims Must be Dismissed as a Matter of Law | 7 |
|  | D. Alternatively, the *Colorado River* Doctrine Should Apply | 8 |
|  | E. The Loan Documents Contain a Waiver of Jury Trial | 10 |
| IV. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*5-Star Management, Inc. v. Rogers*,
    940 F. Supp. 512 (E.D.N.Y. 1996) ........................................................................................2

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
    526 U.S. 40 (1999)................................................................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).....................................................................................................4, 7, 8

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988)..............................................................................................................6

*Castellano v. Bd. of Trustees, et al.*,
    937 F.2d 752 (2d Cir. 1991)..................................................................................................6

*Chavis v. Chappius*,
    618 F.3d 162 (2d Cir. 2010)..................................................................................................7

*Colorado River Water Conversation Dist. v. United States*,
    424 U.S. 800 .............................................................................................................1, 8, 9, 10

*Dittmer v. Cnty. of Suffolk*,
    146 F.3d 113 (2d Cir. 1998)..................................................................................................9

*Valencia ex rel. Franco v. Lee*,
    316 F.3d 299 (2003)..............................................................................................................5

*Grimes v. Fremont Gen. Corp.*,
    2011 WL 1899403 (S.D.N.Y. Mar. 31, 2011) .....................................................................6

*Henry v. Nannys for Grannys Inc.*,
    86 F. Supp. 3d 155 (E.D.N.Y. 2015) ....................................................................................4

*Kulesza v. N.Y. Univ. Med. Ctr.*,
    129 F. Supp. 2d 267 (S.D.N.Y. 2001)...................................................................................6

*Mauro v. Countrywide Home Loans, Inc.*,
    727 F. Supp. 2d 145 (E.D.N.Y. 2010) ..................................................................................4

*Micciche v. Kemper Nat. Servs.*,
    560 F. Supp. 2d 204 (E.D.N.Y. 2008) ..................................................................................2

94548584.1

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
 460 U.S. 1 (1983)...................................................................................................................9

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*,
 673 F.3d 84 (2d Cir. 2012).....................................................................................................9

*Q Mktg. Grp., Ltd. v. P3 Int'l Corp.*,
 2005 WL 1863791, at *5 (S.D.N.Y. Aug. 4, 2005) ................................................................6

*Ross v. A.H. Robins Co.*,
 607 F.2d 545 (2d Cir. 1979)...................................................................................................7

*Sanchez v. Hoosac Bank*,
 2014 WL 1326031 (S.D.N.Y. Mar. 31, 2014) ........................................................................5

*Sitgraves v. Fed. Home Loan Mtg. Corp*,
 265 F. Supp. 3d 411 (S.D.N.Y. 2017)................................................................................8, 9

*Trisvan v. Biden*,
 2022 WL 3019862 (E.D.N.Y. July 30, 2022) ........................................................................4

*Watson v. New York*,
 2023 WL 6200979 (S.D.N.Y. Sep. 22, 2023).........................................................................7

**Statutes**

15 U.S.C. § 1640......................................................................................................................4

15 U.S.C. § 1692(a)(6).............................................................................................................5

28 U.S.C. § 1367(c) ..............................................................................................................5, 6

42 U.S.C. § 1983...........................................................................................................1, 3, 4, 7

Fair Credit Reporting Act .........................................................................................................3

Fair Debt Collection Practices Act (FDCPA)...................................................................1, 3, 5

Truth in Lending Act (TILA) ..........................................................................................1, 3, 4, 5

**Other Authorities**

CPLR 3213................................................................................................................................3

iii

94548584.1

Defendant Stormfield Capital Funding I, LLC ("Stormfield") submits this memorandum of law in support of its motion, pursuant to Rules 8(a), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), to dismiss with prejudice the claims asserted against it by Plaintiff Flerida Santana Johnas ("Plaintiff").

## I.     INTRODUCTION

Plaintiff, who has both asserted counterclaims in the Foreclosure Action, as well as filed an Ancillary Action in state court, brings this federal action once again alleging the same causes of action related to enforceability of the Note and Mortgage.  At bottom, Plaintiff's claims fail as a matter of law because such claims are nothing more than bare, conclusory allegations.

First, none of Plaintiff's federal claims are applicable to Stormfield.  Stormfield is a private actor and, as such, no claim can be made under either 42 U.S.C. § 1983 or the Due Process protections of the Constitution.  Further, neither the Truth in Lending Act nor the Fair Debt Collection Practices Act apply to the Loan as it was made for commercial purposes.  Thus, the Court lacks original jurisdiction.

The Court should not exercise supplemental jurisdiction because (1) the federal claims will be dismissed at the infancy of the action, (2) there are two pending actions in state court, one of which was brought by Plaintiff; (3) complete diversity is lacking; (4) no substantive motions have been field; and (5) no judicial opinions have been issued.

However, if this Court were to find that the exercise of supplemental jurisdiction is appropriate, the *Colorado River* doctrine weighs in favor of abstention.  The instant action is parallel to the Foreclosure Action, contains the same parties, and the *Colorado River* factors weigh heavily in favor of dismissal.

As such, Stormfield respectfully requests this Court dismiss the Complaint in its entirety.

1

## II.     FACTUAL BACKGROUND

On December 7, 2023, Plaintiff brought the instant action (the "Complaint"). [*See* Dkt. No. 1]. The majority of Plaintiff's allegations in the Complaint are difficult to follow, so Stormfield believes it necessary to walk through the reason the Parties are here: Stormfield's foreclosure of commercial property located in Brooklyn and Connecticut.[1]

Stormfield is the owner and holder of a certain loan (the "Loan"), which is evidenced by that certain Amended, Restated and Consolidated Promissory Note, dated as of January 20, 2020 (the "Note"), in the original principal amount of $1,550,000.00 executed by Julieta Smith and 5 Stones and a Sling LLC (collectively, "Borrower") and in favor of Stormfield. *See* Raya Affidavit, at ¶ 6; *see also* Davis Decl., at Ex. B.[2]

The indebtedness owed under the Note is secured by Borrower's non-residential real property, and improvements thereon, with street addresses of (1) 1115 Hancock Street, Brooklyn, NY; (2) and 157 West Main Street, Stamford, NY, Lots 2 and 3. *See* Raya Affidavit, at ¶ 10. Stormfield is the owner and holder of that certain Consolidated Mortgage and Security Agreement (the "Mortgage"), dated January 20, 2020, which secures the amounts owed under the Note. *Ibid.* And Plaintiff is a guarantor under the Loan.

---

[1] The following facts are taken from the Affidavit of Joseph Raya (the "Raya Affidavit"), authorized signatory for Stormfield, in support of Stormfield's motion for summary judgment in the action entitled, *Stormfield Capital Funding I, LLC v. 5 Stones and a Sling LLC, Julieta Smith, Flerida Johnas, et al.*, Index No. 524848/2023 (the "Foreclosure Action"). A true and correct copy of the Raya Affidavit is attached to the Declaration of Aaron Davis (the "Davis Decl.") as Exhibit A. "When presented with a motion to dismiss, this Court 'is permitted to take judicial notice of matters of public record.'" *5-Star Management, Inc. v. Rogers*, 940 F. Supp. 512, 518 (E.D.N.Y. 1996) (citation omitted).

[2] As Plaintiff relies on, and references, the Note, attaching same to the present motion is appropriate. *See Micciche v. Kemper Nat. Servs.*, 560 F. Supp. 2d 204, 211 (E.D.N.Y. 2008) ("the complaint is deemed to include all writings and documents attached to the complaint, referenced in the complaint, or integral to the complaint").

2

Borrower defaulted under the terms of the Note and related loan documents by failing to make monthly payments of principal and interest for September 2020, and each month thereafter. *Id.* at ¶ 26. To demonstrate Borrower's default under the Note, Stormfield attached the loan payment history to the Raya Affidavit. *Ibid.*

Based on the above Event of Default, Stormfield instituted the Foreclosure Action on August 25, 2023 in the Kings County Supreme Court. And Justice Lawrence Knipel was assigned thereafter.[3]

Plaintiff filed a *pro se* Answer to the Foreclosure Complaint on October 24, 2023 (the "Foreclosure Answer"). *See* Davis Decl., at Ex. C. The Answer parrots the same allegations present in the instant Complaint. Plaintiff, however, did not stop there. On September 27, 2023, Plaintiff filed a *pro se* Summons with Motion pursuant to CPLR 3213 against defendants Fein, Such & Crane, LLP and Mark K. Broyles, Esq., under Index No. 528009/2023 (the "Ancillary Action"). *See* Davis Decl., at Ex. D.

Both the Foreclosure Answer and Plaintiff's Affidavit in the Ancillary Action are identical. *See, e.g.,* Exs. C and D.

Plaintiff now comes before this Court filing a third action seeking the same relief against Defendants. An extremely liberal reading of the Complaint suggests the following federal causes of action: (1) a violation of 42 U.S.C. § 1983; (1) a violation of the Fair Debt Collection Practices Act (the "FDCPA"); (3) a violation of the Truth in Lending Act ("TILA"); and a violation of Due Process.[4] As it relates to state law claim, Plaintiff alleges the following causes of action: (1) deed fraud; (2) forgery; (3) wrongful foreclosure; (4) breach of contract; (5)

---

[3] Justice Knipel is a defendant to this action but was not properly named in the caption by Plaintiff.

[4] Plaintiff's letter response to Defendants' pre-motion letter references the Fair Credit Reporting Act, but there is no such claim in the complaint.

3

obstruction of justice; (6) slander of title/credit; and (7) negligent/intentional infliction of emotional distress.

## III. ARGUMENT

### A. Plaintiff's Federal Claims Must be Dismissed as a Matter of Law

Before addressing the jurisdictional infirmities in the Complaint, it is important to first demonstrate how each federal claim fails as a matter of law. "In considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Henry v. Nannys for Grannys Inc.*, 86 F. Supp. 3d 155, 157 (E.D.N.Y. 2015). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's claims under 42 U.S.C. § 1983 and the Fourteenth Amendment fail as a matter of law, as they relate to Stormfield, because such claims only apply to the conduct of state actions, not private entities. *See, e.g., Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) (due process); *Trisvan v. Biden*, 2022 WL 3019862, *3 (E.D.N.Y. July 30, 2022) (42 U.S.C. § 1983). And there is no colorable argument that state action can be imputed to Stormfield.

Plaintiff's purported TILA claim is time barred by the applicable statute of limitations. *See* 15 U.S.C. § 1640 (any affirmative action for damages under TILA must be brought within one year from the date of the occurrence of the violation). The Loan was originated over **four years** ago. Regardless, TILA does not even apply to the present Loan. "[I]t is well settled that a loan obtained in order to invest in non-owner occupied rental properties is a loan for business purposes," and is therefore "exempt from the coverage of TILA." *See Mauro v. Countrywide*

4

*Home Loans, Inc.*, 727 F. Supp. 2d 145, 154-55 (E.D.N.Y. 2010). Section 3(b) of the Note states as follows: "The Maker attests that the proceeds of this Note are to be used for general commercial purposes." *See* Exhibit B, at § 3(b). The Loan is for a non-owner-occupied rental property and TILA is entirely inapplicable.

Plaintiff's final federal claim relates to an alleged violation of the FDCPA. *See* Complaint, at ¶ 30. Once again, the FDCPA is inapplicable to the present case because the Loan is commercial. *See Sanchez v. Hoosac Bank*, 2014 WL 1326031 (S.D.N.Y. Mar. 31, 2014) ("The loans at issue here were clearly commercial loans, as indicated on the loan agreements as each loan entered was a "business loan agreement," secured by a "commercial promissory note.") Moreover, Stormfield is not a "debt collector" for purposes of the FDCPA. *See* 15 U.S.C. § 1692a(6) (The term "debt collector" does not include, inter alia, "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor").

Thus, even "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," Plaintiff is unable to state a cause of action for any of her federal claims.

### B.   This Court Should Not Exercise Supplemental Jurisdiction

As all of Plaintiff's federal claims fail as a matter of law, the case may only remain if this Court decides to exercise supplemental jurisdiction. "A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 304 (2003). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims . . . that . . . form part of the same case or controversy. . . ." 28 U.S.C. § 1367. However, subsection (c) provides that, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3)

5

the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *see also Castellano v. Bd. of Trustees, et al.*, 937 F.2d 752, 758 (2d Cir. 1991) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").[5]

Finally, Courts in this Circuit have declined to exercise supplemental jurisdiction over state law where related litigation is pending in state court. *See, e.g., Grimes v. Fremont Gen. Corp.*, 2011 WL 1899403, at *21 (S.D.N.Y. Mar. 31, 2011) (finding that, after the dismissal of federal law claims, the interests of comity weighed against exercise of supplemental jurisdiction over remaining state law claims, "particularly ... in light of the pending foreclosure action in state court"); *Q Mktg. Grp., Ltd. v. P3 Int'l Corp.*, 2005 WL 1863791, at *5 (S.D.N.Y. Aug. 4, 2005) (declining to exercise supplemental jurisdiction over state contract and tort law claims because of a related pending state court action); *Kulesza v. N.Y. Univ. Med. Ctr.*, 129 F. Supp. 2d 267, 274 (S.D.N.Y. 2001) (declining to exercise supplemental jurisdiction where the "[p]laintiffs ha[d] already filed a state court action that ha[d] been stayed pending the outcome of the instant case," and the defendants' motion to dismiss the state law claims in the state court action had been "denied without prejudice to renewal if the state court action resumed").

All of the above factors weigh against the Court exercising supplemental jurisdiction in the present case: (1) Plaintiff has failed to allege an adequate federal claim; (2) there are **two**

---

[5] Diversity jurisdiction does not exist as both Plaintiff and multiple Defendants are domiciled in New York.

6

94548584.1

pending actions in state court, one of which was brought by Plaintiff; (3) complete diversity is lacking; (4) no substantive motions have been field; and (5) no judicial opinions have been issued. At bottom, this case is at its infancy and is the quintessential candidate for this Court to decline to extend supplemental jurisdiction.

### C. Plaintiff's State Law Claims Must be Dismissed as a Matter of Law

The present action is virtually identical to the matter of *Watson v. New York*, 2023 WL 6200979 (S.D.N.Y. Sep. 22, 2023). In *Watson*, a *pro se* plaintiff alleged causes of action for violation of 42 U.S.C. § 1983, violation of due process, conspiracy to commit real estate deed fraud, forgery, real estate deed fraud, breach of contract, wrongful foreclosure, obstruction of the administration of justice, negligent and intentional infliction of emotional distress, negligence, and slander of title and credit. *Id.* at *3. Relevant here, the court conducted a thorough analysis of FRCP 12(b)(6) before ultimately dismissing all of plaintiff's claims.

The court acknowledged that "[p]laintiff's allegations must be construed broadly and liberally in light of his *pro se* status," but that "the Court 'cannot invent factual allegations that [a *pro se* plaintiff] has not pled.'" *Id.* at *7; (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). The court concluded that "even if these allegations are viewed in a light most favorable to [p]laintiff, these claims do not establish 'more than a sheer possibility that [defendant] has acted unlawfully.'" *Watson*, at *7; (citing *Iqbal*, 556 U.S. at 678).

Construed liberally and giving *pro se* Plaintiff the benefit of all reasonable inferences, all of the state law claims must be dismissed as a matter of law. All of Plaintiff's claims sound in wrongful foreclosure and fraud. Yet, Plaintiff has failed to plead fraud with the requisite particularity. *See Ross v. A.H. Robins Co.*, 607 F.2d 545, 557 (2d Cir. 1979) ("In all averments

7

of fraud or mistake, the circumstances constituting fraud of mistake shall be stated with particularity.").

At bottom, Plaintiff has not successfully pleaded any state law cause of action. Federal pleading standards require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference than the defendant is liable for the misconduct alleged." *Ibid.* Finally, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement of relief." *Ibid.* (citation omitted).

Plaintiff has set forth <u>zero facts</u> explaining how the foreclosure is unlawful. Her allegations related to breach of contract are nonsensical, and at no point does Plaintiff allege that she was current on the Note and that Stormfield improperly foreclosed. That reason for the omission is obvious, Stormfield brought a foreclosure action on this commercial obligation after Plaintiff had defaulted thereunder. The state law claims must be dismissed as a matter of law.

### D.    Alternatively, the *Colorado River* Doctrine Should Apply

If this Court were to decide not to dismiss Plaintiff's Complaint in its entirety for failure to state a claim, and further find that the exercise of supplemental jurisdiction is appropriate, the Court should abstain from exercising jurisdiction based on the *Colorado River* Doctrine.

"In *Colorado River*, the Supreme Court determined that a federal court may decline to proceed with a case, which is properly before it, when parallel litigation is pending in a state court." *Sitgraves v. Fed. Home Loan Mtg. Corp*, 265 F. Supp. 3d 411, 413 (S.D.N.Y. 2017). The Supreme Court, through later caselaw, has identified the following six factors: (1) whether the state or federal court has assumed jurisdiction over a case, (2) the inconvenience of the

8

federal forum, (3) the desirability of avoiding piecemeal litigation, and (4) the order in which the concurrent forums obtained jurisdiction; (5) whether state or federal law controls, and (6) the adequacy of the state forum to protect the parties' rights. *See Colorado River Water Conversation Dist. v. United States*, 424 U.S. 800, 818-19; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-26 (1983).

"[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*." *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012).

This action and the Foreclosure Action are parallel. *See Sitgraves*, 265 F. Supp. 3d at 413. The issues are the same in both actions—whether Stormfield may enforce the subject Note and Mortgage. *Ibid.* Plaintiff asserts the same counterclaims in the Foreclosure Action as she does in the present action, as well as the Ancillary Action. *Ibid.*

Application of the *Colorado River* factors favor abstention: (1) New York state court has jurisdiction over the *res*, the property in foreclosure; (2) the federal and state forum are equally convenient; (3) the litigation over the enforcement of the Note and Mortgage belongs in the Foreclosure Action to avoid piecemeal results; (4) the Foreclosure Action is much further along as there is currently pending a motion for summary judgment which would end all of Plaintiff's claims; (5) New York state law provides the rule of decision; and (6) there is no reason to believe New York state court cannot adequately protect Plaintiff's rights. *See Sitgraves*, 265 F. Supp. 3d at 415 (dismissing case based on *Colorado River* doctrine where plaintiff filed separate federal action relating to enforceability of the note and mortgage).

9

Thus, *Colorado River* provides an additional basis for dismissal of the Complaint.

### E. The Loan Documents Contain a Waiver of Jury Trial

The Note contains a waiver of jury trial. *See* Ex. B at § 8. Thus, if this case were to continue in any capacity, Plaintiff does not possess the right to a trial by jury.

## IV. CONCLUSION

For the foregoing reasons, Stormfield respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

Dated: April 22, 2024

Respectfully submitted,

/s/ *Aaron P. Davis*
POLSINELLI PC
600 Third Avenue
New York, NY 10016
Telephone: 212.803.9918
adavis@polsinelli.com
*Attorneys for Defendant*
Stormfield Capital Funding I, LLC