UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
FLERIDA SANTANA JOHNAS,

                Plaintiff,

    - against -

MARK K. BROYLES, ESQ., DAVID P.
CASE, ESQ., FEIN, SUCH AND CRANE
LLP, and STORMFIELD CAPITAL
FUNDING I, LLC,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-8994 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

        Plaintiff Flerida Santana Johnas ("Plaintiff"), proceeding *pro se*, filed this action against Individual Defendants Mark K. Broyles, Esq. and David P. Case, Esq., Law Firm-Defendant Fein, Such and Crane LLP (collectively "Attorney-Defendants"), and Lender-Defendant Stormfield Capital Funding I, LLC ("Stormfield")[1] on December 7, 2023, asserting, *inter alia*, claims under 42 U.S.C. § 1983; the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"); and various state law claims for violations arising out of a purportedly fraudulent foreclosure of commercial properties. (Compl., Dkt. 1.) Before the Court are a motion to dismiss filed by the Attorney-Defendants, a motion to dismiss filed by Stormfield, and two motions to amend filed by Plaintiff. For the reasons set forth below, Plaintiff's complaint is dismissed, and her motions to amend are denied.

---

[1] It is unclear whether Plaintiff also intended to name the Honorable Lawrence S. Knipel as a defendant in this case. He is listed on the Complaint's Certificate of Service (*see* Compl., Dkt. 1 at ECF 15), but not in its caption, (*see id.* at ECF 1). In addition, no summons was ever issued (or returned) for Justice Knipel as required by Federal Rule of Civil Procedure ("Rule") 4. As such, Justice Knipel is not a proper defendant in this case. (Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.)

**BACKGROUND**

**I.    Factual Background**[2]

Plaintiff was the managing member of 5 Stones and a Sling LLC ("the LLC"). (Aff. of Joseph Raya ("Raya Aff."), Dkt. 27-2 ¶ 9.) On January 20, 2020, Plaintiff, on behalf of the LLC, along with an individual named Julieta Smith, executed a mortgage in the amount of $1,550,000 ("the Mortgage").[3] (*Id.* ¶ 10; *see also* Mortgage Agreement, Dkt. 27-3.) The Mortgage was a commercial loan from Lender-Defendant Stormfield that was secured by two properties: one located at 1115 Hancock Street in Brooklyn, New York, and another located at 157 West Main Street in Stamford, New York. (Raya Aff., Dkt. 27-2 ¶¶ 10–11; *see also* Mortgage Agreement, Dkt. 27-3 ¶¶ 8, 22.) In September 2020, the borrowers (that is, the LLC and Smith), defaulted by failing to make their monthly payment. (Raya Aff., Dkt. 27-2 ¶ 26.) Thereafter, the borrowers continued to fail to make payments as required by the Mortgage documents. (*Id.*)

---

[2] Plaintiff's Complaint contains many conclusory statements about the alleged fraud and other misconduct perpetrated by Defendants in the course of finalizing the terms of a mortgage agreement for which she was a guarantor and securing a foreclosure judgment against her. (*See generally* Compl., Dkt. 1.) However, the Complaint does not provide certain essential background facts about the underlying mortgage, the state court foreclosure proceeding, and the related state court action brought by Plaintiff. Therefore, the facts recounted below are drawn not only from the Complaint, but also from the underlying state court documents that were referenced in, attached to, and thereby incorporated into the Complaint. *See Soh v. Santmyer*, No. 22-CV-3354 (PKC) (LB), 2022 WL 17585705, at *1 n.3 (E.D.N.Y. Dec. 12, 2022) (explaining that a district court may consider documents attached as exhibits to the complaint, incorporated by reference into the complaint, integral to the complaint, or any matter of which the Court can take judicial notice). To the extent that facts are relevant to this Court's jurisdiction, the Court also considers "evidence outside the pleadings." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).

[3] The Mortgage was actually a modification and extension of a prior mortgage. (Raya Aff., Dkt. 27-2 ¶ 10.)

## II. Procedural History

### A. State Court Litigation

#### 1. The Foreclosure Action

On August 25, 2023, Stormfield instituted a foreclosure action (the "Foreclosure Action") in Kings County Supreme Court against 5 Stones and a Sling LLC, Smith, and Plaintiff. *Stormfield Capital Funding I, LLC v. 5 Stones and a Sling LLC*, Index No. 524848/2023 (N.Y. Sup. Ct. Sept. 9, 2024), Dkt. 1. The Honorable Lawrence S. Knipel presided over the case. (*See, e.g.*, Short Form Summ. J. Order, Dkt. 45-3.) Defendants Broyles and Case, who are attorneys employed by Defendant Fein, Such and Crane LLP, represented Defendant Stormfield in the Foreclosure Action. (Not. of Appeal, Dkt. 48-1.) On September 9, 2024, Justice Knipel granted Stormfield's motion for summary judgment, finding that it had "demonstrated both standing and prima facie case which [Plaintiff] has failed to controvert with a material issue of fact." (Short Form Summ. J. Order, Dkt. 45-3.) Justice Knipel further held that the Mortgage at issue was "not a home loan as defined in [N.Y. Real Prop. Acts Law §] 1304." (*Id.*) Plaintiff appealed, (Dkt. 48-1), and filed a motion to vacate Justice Knipel's order on summary judgment and for a temporary restraining order, *5 Stones and a Sling LLC*, Index No. 524848/2023, Dkts. 967, 977. Justice Knipel denied Plaintiff's motion the day after it was filed. *5 Stones and a Sling LLC*, Index No. 524848/2023, Dkts. 1001–1002. Her appeal is still pending. *See 5 Stones and a Sling LLC*, Index No. 524848/2023.

#### 2. The Ancillary Action

On September 27, 2023, Plaintiff, proceeding *pro se*, brought an action in state court against Defendant Fein, Such and Crane, LLP and Defendant Broyles (the "Ancillary Action"). *Santana Johnas v. Broyles*, Index No. 528009/2023 (N.Y. Sup. Ct. Dec. 8, 2023), Dkts. 1–2. In that action, Plaintiff sought sanctions against Broyles and Fein, Such and Crane LLP for filing an

3

allegedly fraudulent affidavit in the Foreclosure Action, among other things. *See id.* The Honorable Lawrence S. Knipel also presided over the Ancillary Action. *See id.* On December 8, 2023, Justice Knipel dismissed the Ancillary Action as "without a shadow of merit." *Santana Johnas*, Index No. 528009/2023, Dkt. 27. Plaintiff sought reconsideration of Justice Knipel's dismissal, which Justice Knipel denied. *Santana Johnas*, Index No. 528009/2023, Dkts. 28, 73. Plaintiff then moved for a stay and indicated her intent to appeal. *Santana Johnas*, Index No. 528009/2023, Dkt. 76. Justice Knipel denied the motion for a stay on November 8, 2024. *Santana Johnas*, Index No. 528009/2023, Dkt. 179.

### B.     The Instant Action

In the interim, Plaintiff filed the instant action on December 7, 2023. (Compl., Dkt. 1.) Liberally construing the Complaint, Plaintiff brings claims against the four named Defendants variously for violations of the due process and/or equal protection clauses of the Fourteenth Amendment, the FDCPA, and TILA; and for real estate deed fraud, conspiracy to commit real estate deed fraud, forgery, wrongful foreclosure, breach of contract, slander, negligent infliction of emotional distress, and intentional infliction of emotional distress. (Compl., Dkt. 1, at ECF 3–8.)[4]

In late January 2024, Defendants requested a pre-motion conference ("PMC") in anticipation of filing motions to dismiss Plaintiff's Complaint. (Dkts. 10, 13.) On February 20, 2024, Plaintiff responded to Defendants' PMC requests. (Dkt. 18.) The Court denied Defendants'

---

[4] Plaintiff also asserts that the state foreclosure statute relied upon in the underlying state court foreclosure action is "not a valid law," (Compl., Dkt. 1 at ECF 6), and brings a claim for obstruction of the administration of justice, (*id.* at ECF 8). Plaintiff, however, has not alleged any facts that would tend to support a finding that the underlying state law is invalid, so the Court does not address this claim any further. In addition, the Court is not familiar with any civil claim available for obstruction of the administration of justice, and so the Court does not further address that claim either.

PMC requests as unnecessary and set a briefing schedule for the motions to dismiss. (3/29/2024 Dkt. Order.) On April 22, 2024, Stormfield served its motion to dismiss on Plaintiff. (Dkt. 20.) The Attorney-Defendants served their motion to dismiss on Plaintiff two days later. (Dkt. 22.) On May 23, 2024, Plaintiff requested a 30-day extension to respond to the motions to dismiss, (Dkt. 23), which the Court granted, (5/28/2024 Dkt. Order). On June 24, 2024, Plaintiff filed her response to Stormfield's motion to dismiss, (Dkts. 24, 26), as well as a motion to amend her Complaint, (Dkt. 25). Given that briefing on the motions to dismiss was nearly completed at the time Plaintiff filed her motion to amend, the Court ordered the parties to complete briefing on the motions to dismiss as previously ordered, in spite of Plaintiff's motion to amend. (7/1/2024 Dkt. Order.) In early July 2024, the Defendants served their respective replies to the motions to dismiss. (Dkts. 28, 30.)

In the two months after the briefing on the motions to dismiss had concluded, Plaintiff filed numerous additional documents with the Court. (*See, e.g.*, Dkts. 31–32, 33–34, 37, 40.) Among these documents was a second motion to amend, (Dkt. 37), which the Court indicated it would address "in conjunction with its resolution of Defendants' motion[s] to dismiss," (9/9/2024 Dkt. Order). On October 3, 2024, Defendants filed a letter indicating that the state court overseeing the foreclosure action had granted Stormfield's motion for summary judgment in that action and arguing that the state court's summary judgment order "precludes Plaintiff's claims in the present action." (Defs.' Ltr., Dkt. 41 at ECF 1–2.) This Court then ordered Defendants to file supplemental briefing on the issue of preclusion and permitted Plaintiff to respond to Defendants' supplemental briefing. (10/3/2024 Dkt. Order.) All parties filed supplemental briefing. (Dkts. 42–49.) This included multiple filings by Plaintiff, one of which was 150 pages long. (*See* Dkts. 42–44, 48–49.) Plaintiff's final filing during the supplemental briefing period was labeled "Motion

5

to Dismiss the Defendants' Motion to Dismiss and Objection to Preclusion." (Dkt. 50.) The Court entered an order indicating that it would "construe . . . this filing as a supplemental opposition to the pending motions to dismiss," permitting Defendants to respond, and noting that it would "not consider any additional filings" from Plaintiff related to the pending motions to dismiss and to amend. (10/30/2024 Dkt. Order.) Defendants filed their supplemental responses by November 13, 2024. (Dkts. 52–53.)

## LEGAL STANDARD

"When [a defendant] move[s] to dismiss under both Rule 12(b)(1) and 12(b)(6), 'the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has the subject matter jurisdiction necessary to consider the merits of the action.'" *Piotrowski ex rel. J.P. v. Rocky Point Union Free Sch. Dist.*, 462 F. Supp. 3d 270, 282 (E.D.N.Y. 2020) (quoting *Sec. Exch. Comm'n v. Rorech*, 673 F. Supp. 2d 217, 220–21 (S.D.N.Y. 2009)). Even when a defendant does not move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "[f]ederal courts must independently verify the existence of subject matter jurisdiction before proceeding to the merits." *Lee v. JPMorgan Chase Bank, N.A.*, No. 22-CV-6192 (PKC) (TAM), 2022 WL 14826479, at *1 (E.D.N.Y. Oct. 26, 2022); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In adjudicating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), courts may consider matters outside the pleadings. *Reyes v. Sofia Fabulous Pizza Corp.*, No. 13-CV-7549 (LAK) (JCF), 2014 WL 12768922, at *2 (S.D.N.Y. Apr. 7, 2014), *R. & R. adopted*, 2014 WL 1744254 (S.D.N.Y. Apr. 24, 2014); *see also Tandon*, 752 F.3d at 243.

6

To survive a motion to dismiss pursuant to Rule 12(b)(6), on the other hand, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). "In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

"When considering motions to dismiss a *pro se* complaint . . . 'courts must construe [the complaint] broadly[.]'" *Weixel v. Bd. of Educ. City of N.Y.*, 287 F.3d 138, 145–46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)); *see also Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (A "*pro se* complaint . . . is interpreted to raise the strongest claims that it suggests." (cleaned up)). Furthermore, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). But even under this liberal standard, a court "cannot invent factual allegations that [the *pro se* plaintiff] has not pled." *Chavias v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

7

## DISCUSSION

### I.     Federal Question Jurisdiction

A district court has federal question jurisdiction when a plaintiff's cause of action is based on a violation of federal law or where the "well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (citation omitted). Courts are permitted "to dismiss for lack of subject matter jurisdiction—even if a federal claim is asserted on the face of the complaint—where the federal question 'is so plainly insubstantial as to be devoid of any merits and thus [does] not present[ ] any issue worthy of adjudication.'" *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996) (quoting *Giulini v. Blessing,* 654 F.2d 189, 192 (2d Cir. 1981)); *see also IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1056 (2d Cir. 1993) ("The question . . . is whether the federal . . . claim was so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy.").

Here, it is plain from the face of the Complaint that Plaintiff's federal claims are "so plainly insubstantial as to be devoid of any merits and thus [do] not present[ ] any issue worthy of adjudication." *Nowak*, 81 F.3d at 1189 (quoting *Giulini*, 654 F.2d at 192). The only federal claims Plaintiff presents in her Complaint are her 42 U.S.C. § 1983 ("Section 1983"), FDCPA, and TILA claims. (*See* Compl., Dkt. 1 at ECF 3, 5–7.) The Court addresses each claim in turn.

#### A.     Plaintiff's Section 1983 Claim

The only allegations Plaintiff pleads in support of her Section 1983 claim are that "[D]efendants violated the [P]laintiff's right to due process . . . by using an unfair court process that is in violation of the federal laws and the court rules" and that "[D]efendants obstructed the administration of justice." (Compl., Dkt. 1 at ECF 10.) In support of these allegations, she merely recites her other claims and conclusory allegations—namely, that Defendants engaged in deed

8

fraud, forgery, deception, misrepresentation, and that the bank "refus[ed] to disclose material facts." (*Id.* at ECF 10–11.) Plaintiff does not allege any other relevant facts; indeed, she does not allege—nor does this Court see how she could—that any of the Defendants were state actors, as is necessary to plead a Section 1983 claim. *See Manko v. Steinhardt*, No. 11-CV-5430 (KAM) (LB), 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) ("It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law.") (collecting cases); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 402 (2d Cir. 2013) (affirming dismissal of Section 1983 claim against bank where plaintiff did "not allege[] facts establishing that [the bank was] a state actor for purposes of § 1983"). Thus, because of the overall conclusory and unsupported nature of Plaintiff's Section 1983 allegations, and because she fails to allege that any of the Defendants are state actors for the purposes of Section 1983, Plaintiff's Section 1983 allegations are "so insubstantial" that they do not confer federal question jurisdiction on this Court. *IUE AFL–CIO Pension Fund*, 9 F.3d at 1056.

      **B.**     **Plaintiff's TILA Claim**

Plaintiff's TILA claims are similarly so "insubstantial" that this claim too must be dismissed. *IUE AFL–CIO Pension Fund*, 9 F.3d at 1056. TILA "does not apply to credit extended for 'business, commercial, or agricultural purposes.'" *Mauro v. Countrywide Home Loans, Inc.*, 727 F. Supp. 2d 145, 153 (E.D.N.Y. 2010) (quoting 15 U.S.C. § 1603(1)). The Mortgage at issue here, by its own terms, is a commercial loan. (*See* Mortgage Agreement, Dkt. 27-3 ¶ 8 ("The loan evidenced by this note is a commercial transaction and . . . the proceeds of the loan shall not be used for personal, family or household purposes.").) Plaintiff makes no effort to allege or demonstrate otherwise. (*See generally* Compl., Dkt 1; Pl.'s Resp. to Stormfield's Mot. to Dismiss, Dkt. 24; Pl.'s Supp. Resp. to Stormfield's Mot. to Dismiss, Dkt. 50.) Thus, there can be no

9

question that TILA does not apply to the Mortgage. Plaintiff's purported TILA claim, then, is meritless and must be dismissed.[5] *See Nowak*, 81 F.3d at 1189 (explaining that courts can dismiss cases for lack of subject matter jurisdiction "where the federal question 'is so plainly insubstantial as to be devoid of any merits and thus [does] not present[ ] any issue worthy of adjudication.'").

### C.   Plaintiff's FDCPA Claim

Plaintiff's FDCPA claim fails for the same reason. The FDCPA's protections only apply to consumer debts, which are defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Here, as discussed, the terms of the Mortgage specify both that the Mortgage "is a commercial transaction and that the proceeds of the loan shall not be used for personal, family or household purposes." (Mortgage Agreement, Dkt. 27-3 ¶ 8.) Plaintiff does not argue or allege otherwise. (*See* Compl., Dkt 1; Pl.'s Resp. to Stormfield's Mot. to Dismiss, Dkt. 24; Pl.'s Supp. Resp. to Stormfield's Mot. to Dismiss, Dkt. 50). The Mortgage, then, is not subject to the FDCPA. Plaintiff's FDCPA claim, therefore, is meritless, and the Court dismisses it. *Nowak*, 81 F.3d at 1189; *see also Sanchez v. Hoosac Bank*, No. 12-CV-8455 (ALC), 2014 WL 1326031, at *4 (S.D.N.Y. Mar. 31, 2014) (dismissing FDCPA claim where "[t]he loans at issue . . . were clearly commercial loans, as indicated on the loan

---

[5] Stormfield also argues that Plaintiff's TILA claim is time-barred. (Stormfield Mot. to Dismiss, Dkt. 27-6 at 4.) The Court does not address this argument given that the Mortgage is not subject to TILA.

agreements as each loan entered was a 'business loan agreement,' secured by a 'commercial promissory note.'").[6]

## II. Supplemental Jurisdiction

Plaintiff's remaining claims arise under state law. (*See* Compl., Dkt. 1 at ECF 6–8.) Title 28, United States Code Section 1367(c) provides, in relevant part, that "district courts may decline to exercise supplemental jurisdiction over [] claim[s] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity— will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Ben. Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (cleaned up). Because the Court has dismissed Plaintiff's federal causes of action and the case is still at the initial pleading phase, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining[7] state law claims.[8]

---

[6] Stormfield also argues that it is not proper a defendant under the FDCPA, which applies only to "debt collectors." (Stormfield Mot. to Dismiss, Dkt. 27-6 at 5.) The Court again does not address this argument because, as explained above, the Mortgage is not subject to the FDCPA.

[7] Notably, Plaintiff's claims may also be barred by *res judicata*. (*See* Stormfield Supp. Br., Dkt. 45 at 4–5 (arguing that Plaintiff's claims are barred by *res judicata* because they arose "out of the same transaction or series of transactions" as the underlying Foreclosure Action and Ancillary Action (quoting *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008)); Attorney-Defs.' Supp. Br., Dkt. 47-3 at 4–5 (similar).) The Court does not address this argument since it lacks jurisdiction over this case.

[8] The Court notes that Plaintiff has not alleged facts that would give rise to diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* Compl., Dkt. 1.)

### III. Leave to Amend

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once. . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-CV-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (summary order) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). The Court has reviewed Plaintiff's extremely voluminous filings in this case, in addition to both of her motions to amend, (First Mot. to Amend, Dkt. 25; Second Mot. to Amend, Dkt. 37), and the Court concludes that there is "no 'indication that a valid claim might be stated'" that would confer subject matter jurisdiction in this court if Plaintiff were granted leave to amend, *McKie*, 2022 WL 4241355, *3 (quoting *Cuoco*, 222 F.3d at 112). Thus, the Court finds that granting leave to amend would be futile and declines to do so. Plaintiff's motions to amend, therefore, are denied.

## CONCLUSION

For the reasons discussed herein, Defendants' motions to dismiss are granted, and Plaintiff's motions to amend are denied. Plaintiff's Amended Complaint is dismissed in its entirety. Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis status* is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 13, 2025
       Brooklyn, New York